# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>**40 Lakeview Drive, LLC**<br>　　　　　　**Debtor** | Bankruptcy Case No. 15-14962 (VFP) |
| **GRACE S. WONG,**<br>　　　　　　**Appellant,**<br>　v.<br>**JAY L. LUBETKIN, Chapter 7 Trustee, et al.,**<br>　　　　　　**Appellees** | Civ. No. 18-17742<br><br>**OPINION & ORDER** |

Grace S. Wong, by this motion (DE 10), seeks to reopen this closed appeal from two orders of the bankruptcy court. For the reasons stated herein, that motion will be denied.

- On December 28, 2018, Ms. Wong filed this appeal from the Bankruptcy Court's "Granting Allowances to Chapter 7 Trustee's Counsel and Granting Related Relief dated October 24, 2018 and Order Denying Motion of Grace Wong to Alter or Amend October 24, 2018, 2018 Order Awarding Fees and Costs to Counsel for the Chapter 7 Trustee dated December 14, 2018." (DE 1)[1]
- By order filed May 2, 2019, then-Chief Judge Jose L. Linares dismissed this appeal for failure to prosecute. (DE 4)
- On May 13, 2019, Ms. Wong moved to reconsider, or to "alter or amend," Judge Linares's order. (DE 6)

---

[1]　Copies of the bankruptcy court's orders are attached at DE 1, pp. 4–9.

1

- On May 29, 2019, upon the retirement of Judge Linares, the case was reassigned to me.
- By Order filed September 5, 2019, I denied the motion for reconsideration. (DE 9) In particular, I noted that Judge Linares had properly weighed the relevant *Poulis* factors, that Ms. Wong had repeatedly disregarded deadlines and procedures in her bankruptcy case, and that Judge Linares had already once excused late compliance.

This is in substance a motion for reconsideration of my denial of reconsideration of Judge Linares's order. Ms. Wong has a well established pattern of making a motion, moving for reconsideration, and then moving for reconsideration of denial of reconsideration. *See* Title of this appeal (Notice, DE 1); parallel appeals (Civ. Nos. 18-14201 and 18-16293). Even if a second motion for reconsideration were permitted, however, I would deny it.

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, No. 7-cv-5938, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P.

2

*Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Under those well-established standards, this motion must be denied. Nothing therein relates to any fact or argument that was not, or could not have been, asserted before. This appeal was dismissed for failure to prosecute. On reconsideration, I upheld Judge Linares's order of dismissal.

Now, Ms. Wong seeks to assert a variety of arguments that she would have asserted in support of the appeal as an initial matter. Now, as before, most arise from procedural steps which she believes should have been taken on behalf of the estate of her father-in-law, Quincy Wong, who died while bankruptcy proceedings were ongoing.

The trustee briefly but cogently responds to those contentions as follows. (DE 11) He notes first that the trustee has completed and filed his final account and certification that the estate has been fully administered. A check of the bankruptcy court docket suggests mootness, in that that the U.S. Trustee had no objection, and on November 26, 2019, a final decree was entered and the bankruptcy case was closed. (Bankruptcy Case No. 15-14692, DE 580, 584).[2]

The trustee next notes that, although Fed. R. Civ. P. 25(a) requires a prompt substitution of a deceased party (on pain of dismissal of that party), that rule has no relevance to Ms. Wong's contentions. Grace Wong, not Quincy Wong, is the appellant here; whatever actions the estate of Quincy Wong could or should have taken do not affect the orders from which Grace Wong appeals, let alone the order of this Court as to which she seeks reconsideration. Moreover, the claims involving Quincy Wong in the underlying bankruptcy case—which are not implicated by the order on appeal here—were extinguished at the time this appeal was filed.[3]

---

[2] Ms. Wong thereafter filed a motion to set aside the bankruptcy court's order of October 29, 2019, denying her motion to file a proof of claim out of time. (Bankruptcy Case No. 15-14692, DE 585)

[3] They were the subject of a 39-page opinion filed by Bankruptcy Judge Vincent F. Papalia after trial in an adversary proceeding, which is not the subject of this

3

**ORDER**

Accordingly,

IT IS this 25th day of February, 2020,

ORDERED that the motion (DE 10) of Grace Wong to "alter or amend" my prior decision, which denied her prior motion to "alter or amend" the still-earlier decision of former Chief Judge Linares dismissing the appeal is DENIED. The decision of Bankruptcy Judge Papalia is, and remains, AFFIRMED.

The file is, and remains, closed.

_____
**KEVIN MCNULTY**
**United States District Judge**

---

appeal. I touched on these matters in the course of denying Ms. Wong's motion to reconsider dismissal of another appeal. (Opinion and Order, Civ. No. 18-14201 DE 24)